IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | |
|---|---|
| WB Towing, Inc. ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 2:20-cv-03824-RMG |
| ) | |
| The M/Y LIL YACHTY (Off. No. 1287565) ) | |
| her engines, tackle, nets, gear, apparel, ) | |
| appurtenances, cargo, etc., *in rem*; ) | |
| Phoenix Charters, LLC f/k/a Lil Yachty ) | |
| Charters, LLC, and Miles Parks McCollum, ) | |
| *in personam*, ) | |
| ) | |
| Defendants. ) | |

## FIRST AMENDED COMPLAINT

**COMES NOW**, Plaintiff, WB Towing, Inc., through undersigned counsel, who files its First Amendeded Complaint, pursuant to Fed. R. Civ. P. 15(a), respectfully averring before this Honorable Court as follows:

### Subject Matter Jurisdiction and Applicable Law

1. This matter falls within the Admiralty and Maritime Jurisdiction conferred on this Honorable Court by 28 U.S.C. l333.

2. This action arises under and is governed by the General Maritime Law of the United States; The International Convention on Salvage, Apr. 28, 1989, S. Treaty Doc. No. 102–12, 1953 U.N.T.S. 193 (hereafter the "Salvage Convention"), Title 46 and/or 33 of the United States Code; other laws supplementary and amendatory thereto; and all precedent interpreting same.

3. Plaintiff hereby invokes Rule 9(h) of the Federal Rules of Civil Procedure.

### Parties

1

4. Plaintiff is a corporation organized and existing under the laws of the State of North Carolina with its principal place of business in Wilmington, North Carolina. The company does business as TowBoat U.S. Wrightsville Beach and, among other things, is a professional salvor in the business of providing salvage services to vessels such as the LIL YACHTY.

5. The LIL YACHTY is, or was, a self-propelled, U.S. Flagged, 50ft. Prestige Motor Yacht, assigned Official Number 1287565 ("the Vessel"). On information and belief, this vessel or the substitute *res* of the vessel is expected may appear within this District and the jurisdiction of this Honorable Court during the pendency of this action.

6. Defendant Phoenix Charters, LLC is a Connecticut Limited Liability Company, formerly known as Lil Yachty Charters, LLC, and is the registered owner of the LIL YACHTY.

7. Defendant Miles Parks McCollum is, upon information and belief, the charterer, sub-charter, or other beneficial owner of the LIL YACHTY and was, at all times relevant to this action, the owner *pro hac vice* of the LIL YACHTY. McCollum was also the owner of certain cargo aboard the LIL YACHTY at the time of incident, specifically certain unidentified property contained within the vessel's safe, upon information and belief jewelry, cash, precious metals, and/or other valuables, reportedly worth in excess of $300,000.

## Facts

8. On or about November 1, 2018, the LIL YACHTY was transiting the ICW through North Carolina, being piloted by a professional Master and a Mate, when a fire broke out aboard the vessel. On information and belief, the fire was started electrically, but quickly grew to be out of control.

9. When the fire began, the crew of the vessel issued a "mayday" call, alerting the United States Coast Guard and other recipients that the vessel and her crew were in grave danger.

10. WB Towing, always at the ready, immediately dispatched a tow vessel to intercept the LIL YACHTY. On arrival, flames were beginning to engulf the interior, and the crew of the vessel required immediate assistance.

11. While WB Towing had available equipment and skilled personnel that may have been able extinguish the fire and therefore save the vessel, WB Towing instead elected to remove the crew from the vessel and remove them from danger, carrying them to safety some distance from the burning hull, thereby engaging in an act of life salvage as recognized by the General Maritime Law.

12. Once safely aboard the WB Towing vessel, the crew and salvage master observed from afar while the LIL YACHTY burned to the water line.

13. WB Towing delivered the crew of the LIL YACHTY safely ashore. Thereafter, the fire aboard the smoldering hull was extinguished, and WB Towing was able to deliver the hull safely ashore, including the aforementioned safe, which appeared unharmed.

14. The LIL YACHTY was afire and adrift in the ICW, with her crew in danger of burning to death, drowning, dying of smoke and/or chemical inhalation, etc., both the vesssel and her crew being in significant marine peril.

15. Plaintiff performed an act of life salvage, at grave personal risk to the life and safety of its own employees, salvage vessel(s), and equipment.

16. The salvage operation removed the crew from danger while foregoing the opportunity to save the whole of the vessel, thereby sacrificing significant property salvage award in favor of life salvage. Plaintiff's services saved the lives of the Crew, a portion of the hull that was thereafter available for forensic inspection, subsequently saved the cargo from all potential

peril, and prevented significant environmental damage, and therefore had "a useful result" within the meaning of Article 12(1) of the Salvage Convention.

17.   The LIL YACHTY had been recently purchased new prior to the incident. On information and belief, the pre-casualty value of the vessel was over One Million Dollars.

18.   The service rendered by Plaintiff was a salvage of great merit, as the Vessel, her crew, and the vessel's cargo were in imminent peril. Plaintiff's service was prompt, efficient, and successful, requiring high degree of skill, and placing life and equipment of great value at risk. Plaintiff is therefore deserving of a life salvage award pursuant to Articles 13, 14, and 16of the Salvage Convention and the factors outlined in The Blackwall, 77 U.S. 1, 14 (1870) and Reiss v. One Schat-Harding Lifeboat No. 120776 # 1, 444 F. Supp. 2d 553, 559 (D.S.C. 2006).

19.   In addition, or in the alternative, the *in personam* Defendants insured the Vessel with certain underwriters who issued marine hull and /or liability and indemnity policies thereon. These policies placed an obligation on the *in personam* defendants to Sue and Labor on behalf of the Vessel and her crew, and to otherwise mitigate all potential damages to the crew, the environment, and third parties, stemming from the incident described herein. The *in personam* defendants and her crew also bore positive obligations under the General Maritime Law and statutory law and regulation to avoid or mitigate all such damages. WB Towing was qualified to render these duties on behalf of the *in personam* Defendants, did in fact perform all such duties, all the while with the intent of being compensated therefore under the terms of the Salvage Convention and/or THE BLACKWALL factors, and is therefore entitled to such recovery under quasi-contract as stated in Wyandotte Trans. Co. v. United States, 389 U.S. 191(1967) and Peninsular & Oriental Steam Nav. Co. v. Overseas Oil Carriers, Inc., 553 F.2d 830, 835 (2d Cir. 1977).

20.    Plaintiff is entitled to, and hereby claims, a maritime lien against the LIL YACHTY and/or her proceeds, along with any substitute *res* owned by the Defendants, for salvage.

WHEREFORE, Plaintiff prays that this Honorable Court issue a Salvage Award, in an amount not less than $350,000, plus pre-judgment interest, costs, and attorney's fees, that there be judgment entered herein in Plaintiff's favor and against the Defendant M/Y LIL YACHTY, *in rem*, and the remaining Defendants, *in personam*, to wit:

That a writ, *in rem*, be immediately issued to the LIL YACHTY and her Cargo, as may be identified, pursuant to Rule C of the Federal Supplemental Rules of Certain Admiralty and Maritime Claims, and that after due proceedings, that Plaintiffs be granted judgment in its favor, that the Court award Plaintiff a High-Order Salvage Award, against the LIL YACHTY (including her proceeds, or any substitute *res*) and the *in personam* Defendants, and that Plaintiff's claims be paid with preference and priority over all other claims, and that the Plaintiff be granted costs of this proceeding, attorney's fees, and pre-judgment interest, and FOR ALL SUCH FURTHER RELIEF as this Admiralty Court may deem just and right following trial of this cause.

RESPECTFULLY SUBMITTED:

MARVEL ET AL., LLC

/s David B. Marvel
David B. Marvel (Fed ID No 7957)
PO Box 22734
Charleston, South Carolina 29413
Phone (843) 853-4877
E-mail:  dave@marvel.lawyer
**ATTORNEY FOR THE PLAINTIFF,
WB TOWING, INC.**

March 15, 2020
Charleston, South Carolina